IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SANDERS, JR., <br><br> Petitioner, <br><br> v. <br><br> JAIL ADMINISTRATOR, Jackson County Jail, <br><br> Respondent. | Case No. 20-CV-00472-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Ronald D. Sanders has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from custody.[1] Sanders has pending criminal charge in Jackson County Case No. 2019-CF-312 for which he is still detained in the Jackson County Jail. (Doc. 1, p. 1). He challenges his warrant, unlawful search of his friend's residence that lead to his arrest, excessive bail, ineffective assistance of his counsel, limited access to the law library, and limited access to phone calls as a pretrial detainee. (*Id.* at 3-5). He asserts that his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated. (*Id.*).

DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f

---

[1] Sanders' companion civil rights action under 42 U.S.C. § 1983 seeking money damages and injunctive relief was dismissed by United States District Judge J. Phil Gilbert. SDIL Case No. 19-CV-01002-JPG. In that case, Judge Gilbert instructed the Clerk of Court to open this separate habeas case under § 2241 and file portions of Sanders' Amended Complaint as a new Complaint.

it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant can raise any possible federal claim in state court and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x. 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Exceptions exist for speedy trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. *Sweeney*, 612 F.3d at 573. The Seventh Circuit has held that for state pretrial detainees, federal habeas corpus relief generally is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." *Olsson*, 328 F. App'x. at 335 (affirming the dismissal of a petition where the petitioner had not exhausted his state court remedies or presented any exceptional circumstances to justify enjoining the state court proceeding); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (finding petitioner could raise his speedy trial claim where he sought trial on a three-year-old indictment, presented his federal constitutional claim in the state courts, and did not seek to forestall a state prosecution).

In the instant case, Sanders is a pretrial detainee facing state criminal charges, there is no indication that he has exhausted his claims with the state court, and no exceptional circumstances are raised in the Petition. Accordingly, federal intervention

is not warranted, and the appropriate place for Sanders to raise any issues regarding his ongoing criminal proceeding is in the Jackson County Circuit Court.

## DISPOSITION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   December 11, 2020

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
**U.S. District Judge**